## Fair v. Butler County Planning Commission

248

*James A. Taylor*, for appellant.
*John H. Auld, II*, for intervenor.

KIESTER, *P.J.*, July 14, 1980—An argument was hele06 before the court on June 9, 1980 on the motion of Nick Hromyko to c'1ash the appeal of Joseph Fair. The Butler County Planning Commission on February 20, 1980 approved the Karns City Mobile Home Park for 11 additional spaces. The developer is Nick Hromyko and he is the intervenor in this appeal. Petitioner, Joseph Fair, on March 21, 1980 filed an appeal to the court of common pleas objecting to the action of the Butler County Planning Commission in approving the Hromyko plan.

Fairview Township lacks both a subdivision and a zoning ordinance. County Ordinance No. 24, the Butler County Subdivision Ordinance, governs such developments in Fairview Township.

The position of Nick Hromyko is that Joseph Fair was not a party to the proceedings before the Butler County Planning Commission and lacks standing to object to the approval of the Hromyko plan. Mr. Fair states that there was no notice given, public or private, of the application filed by Mr. Hromyko with the Planning Commission.

Butler County Ordinance No. 24 does not provide for public notice and/or hearings under the provisions relating to approval of subdivision plans for mobile home parks. Under Article V of the Pennsyl-

vania Municipalities Planning Code of July 31, 1968, P.L. 805, sec. 508, as amended, 53 P.S. § 10508, public notice and a hearing are discretionary with the planning agency: 53 P.S. § 10508(5). Therefore, since no public notice is given and no public hearing is required, the objector, Joseph Fair, and other possibly aggrieved persons might not know that the matter was before the Planning Commission and could not be expected to appear as a party.

This presents a unique but very real problem. The alternatives appear to be limited to dismissing the motion to quash and imposing some requirement on he Planning Commission not provided by law.

Section 5101(a) of the Judicial Code, 42 Pa.C.S.A. § 5101(a), states: "(a) General Rule.— Every person for a legal injury done him in his lands, goods, person, or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay."

The Pennsylvania Municipalities Planning Code, 53 P.S. § 11006(3)(a), authorizes appeals: "(3)(a) Appeals to court may be taken by the landowner from any decision of the governing body or planning agency under subsections (1)(a) and (1)(b), after the decision is issued or, if no decision is made when a decision is deemed to have been made under this act." See also section 11007.

Section 1011 of the code, 53 P.S. § 11001(1), states that: "(1) In a zoning appeal the court shall have the power to declare any ordinance or map invalid and set aside or modify any action, decision or order of the governing body, agency or officer of the municipality brought up on appeal. . . ."

A decision to dismiss the appeal would not only deprive this allegedly aggrieved person of his day in

court, but would also imply that the court lacked the authority to review decisions of a planning agency in similar factual situations.

This court would prefer to return this record to the Butler County Planning Commission with an order directing it to give public notice and conduct a hearing. However, such an order would be contrary to the specific language of the Pennsylvania Municipalities Planning Code. The court does recommend that the Butler County Planning Commission study the adoption of rules relating to public notice and public hearings. The Board of County Commissioners might give consideration to a revision of Ordinance 24. Meanwhile, this court can only speculate that the right of an aggrieved person to appeal from the approval of the application of the owner/developer of a mobile home park under the present state of the law and procedure might not arise until such time as actual notice of the action of the planning agency was given by the commencement of construction of the project.

ORDER

Now, July 14, 1980, the motion of Nick Hromyko, intervenor, to quash the appeal of Joseph Fair, petitioner, is dismissed.

It is ordered that the appeal be scheduled for hearing.